UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND - DETROIT
& VICINITY; LABORERS VACATION & HOLIDAY
TRUST FUND - DETROIT & VICINITY; LABORERS
METROPOLITAN DETROIT HEALTH & WELFARE
FUND; LABORERS ANNUITY FUND - DETROIT &
VICINITY; and MICHIGAN LABORERS TRAINING
FUND, trust funds established under, and administered
pursuant to, federal law,

   Plaintiffs/Counter-Defendants,

               Case No. 2:05CV71773
v.              Honorable Arthur J. Tarnow
              Magistrate Judge Scheer

HORIZON PAINTING, INC., a corporation
incorporated under laws of the State of Michigan,

   Defendant/Counter-Plaintiff.

_____

## JUDGMENT

   At a session of said Court, held in Detroit, Michigan, at the
Theodore Levin United States Courthouse,
on _____September 28, 2006_____

  HON. __ARTHUR J. TARNOW_____
    UNITED STATES DISTRICT JUDGE

   Based upon plaintiffs' Motion for Summary Judgment, with Briefs and Affidavits filed in

support thereof; and the pleadings previously filed in this matter; the Court, being fully apprized in

the premises, has concluded that, pursuant to Fed.R.Civ.P. 56, plaintiffs are entitled to judgment

against defendant HORIZON PAINTING, INC., the relief prayed for in their Complaint.

   1.  Defendant Horizon Painting, Inc., is obligated to make contributions to

plaintiffs pursuant to the collective bargaining agreements with Local Unions 334, 1076 and/or 1191

of the Laborers International Union of North America, AFL-CIO ("agreements") and applicable law, for, or with respect to, work performed by those employees of defendant who performed work covered by the agreements from, at the latest, January, 2000.

2. Judgment is entered in favor of plaintiffs and against defendant in the amount of $158,351.56,[1] with post-judgment interest to accrue pursuant to 28 U.S.C. §1961, and plaintiffs shall have full rights of execution thereon.

3. Plaintiffs are awarded costs and attorneys fees incurred to date. Plaintiffs are hereby granted leave to file a Motion for Attorneys Fees and Costs, which shall be accompanied by an affidavit of plaintiffs' counsel setting out all amounts determined to be due pursuant to this provision of this Judgment.

4. Defendant is required to submit to plaintiffs' auditors, Stefansky, Holloway and Nichols, Inc., 22260 Haggerty Road, Suite 350, Northville, MI 48167-8983, during normal business hours, **all** of defendant's books, records and accounts (without limitation whatsoever) needed by the auditors to determine the amount of defendant's indebtedness to plaintiffs for the period October 1, 2003, until the date of production of such books and records, with the submission of such books and records to be made **within 14 days** of the entry of judgment, such books and records to remain in the auditors' possession until they have completed a review of same.

5. Plaintiffs are awarded all sums shown by that audit described in paragraph 4, above, to be due to plaintiffs as set forth in the Complaint, including the cost of the audit, any

---

[1]

The $158,351.56 amount is the sum of $105,117.44 in unpaid audited contributions for the period of January, 2000 through September, 2003; $25,558.03 in pre-judgment interest on those contributions; $25,558.03 pursuant to 29 U.S.C. §1132(g)(2)(C); and $2,118.06 in previously accrued late payment assessments.

outstanding liquidated damages for late payment not included in the audit for the period through September, 2003, plus all other costs, interest and attorneys' fees incurred by plaintiffs in the prosecution of this matter pursuant to 29 U.S.C. §1132(g)(2), in addition to those set forth in a Judgment for Attorneys' Fees and Costs entered pursuant to paragraph 3. Plaintiffs are hereby granted leave to file a Motion for Amended Judgment, which shall be accompanied by an affidavit of plaintiffs' counsel setting out all amounts determined to be due pursuant to this provision of this Judgment.

6.    This court shall retain jurisdiction over this matter for purposes of enforcement of the provisions of this Judgment, any Judgment for Attorneys' Fees and Costs entered pursuant to paragraph 3, and any Amended Judgment entered pursuant to paragraph 5, above.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager