# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LABORERS PENSION TRUST FUND- DETROIT
& VICINITY, *ET AL.*,
PLAINTIFFS/ COUNTER DEFENDANTS,

                                      CIVIL ACTION  NO. 05-71773

V.

                                      HONORABLE ARTHUR J. TARNOW

HORIZON PAINTING, INC.,                 UNITED STATES DISTRICT JUDGE

DEFENDANT/ COUNTER-PLAINTIFF.       MAGISTRATE DONALD SCHEER

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [D/E # 23]; GRANTING PLAINTIFFS' MOTION TO DISMISS THE COUNTER-CLAIM [D/E # 21]; AND GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [D/E # 24]

In this action for unpaid fringe benefits, Defendant stipulates to liability under ERISA but takes issue with the audit and the manner in which it was calculated.  After considering the parties' motions, briefs and their positions during oral arguments on September 25, 2006, this Court orally ruled from the bench denying Defendant's Motion to Dismiss and granting Plaintiffs' Motion for Summary Judgment in relation to both liability and the amount requested, as determined by the audit.  This ruling was later reflected in a Judgment and Order dated and entered September 28, 2006 for the amount of $158,351.56.

Now before the Court is Defendant's Motion for Re-Argument and Rehearing filed pursuant to Federal Rule of Civil Procedure 59.  Upon motion, Rule 59 allows for a district court to amend or alter a judgment if the motion is filed no later than 10 days after entry of judgment. Motions for Reconsideration pursuant to L.R. 7.1(g)(E.D. Mich.) also employ a 10 day time limit from the date of entry.  The complained about Judgment and Order was entered by this Court on September 28, 2006. Defendant filed its Motion for Re-Argument and Rehearing on October 10, 2006, within the 10 day time period since weekend days were excluded from the calculation. See Fed. R. Civ. P. 6(a).

Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States,* 940 F. Supp. 1139, 1140 (W.D.Mich. 1996) (citing *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following

circumstances arises:

> (1) because of an intervening change in the controlling law;
> (2) because evidence not previously available has become available; or
> (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citing *Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id*., *(*quoting *Keweenaw Bay*, 904 F. Supp. at 1141).

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different a disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997), citing Webster's New World Dictionary 974 (3rd Ed. 1988). Further, the Local Rules also provide that any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted. L.R. 7.1(g)(3).

In its motion, Defendant merely rehashes the same arguments presented in its motion, in its briefs and at oral argument. Defendant claims that the audit was "astronomical and unreasonable" as well as "frivolous, groundless, and [] imposed only for the purposes of harassment, threats, or retaliation." Again, Defendant has failed to provide this Court with any evidence that the audit was performed incorrectly. At both oral argument and in this motion, Defendant failed to point to anything in the record that demonstrates that the audit was incorrectly calculated. As a result, this Court finds that Defendant's recycled arguments have no merit for the reasons stated on the record at September 25, 2006 hearing. As a result,

**IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED ON THE MERITS**.

At the September 25, 2006 hearing, this Court asked the parties to brief the issue of whether this Court should exercise supplemental jurisdiction over defendant's state law defamation claim even though the federal law claims have been resolved. Under 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction for numerous reasons, including because "the district court has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). Because prior to trial this Court resolved Plaintiff's ERISA claims by entering a Judgment and Order on September 28, 2006, this Court declines to exercise supplemental jurisdiction over Defendant's state law counter-claim of defamation.

It should also be noted that Plaintiffs' concerns that the defamation claims may not have arisen out of the same transaction or occurrence as the ERISA claims and the fact that the circumstances of the litigation, including the fact the defamation claim may substantially predominate the case, see 28 U.S.C. § 1367(c)(2), also separately convince this Court to decline exercising supplemental jurisdiction. As a result,

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss the Counter-Claim is **GRANTED**.

Plaintiffs have also filed a motion for attorneys fees. Defendant has elected not to respond. 29 U.S.C. § 1132(g)(2) directs this Court to award reasonable attorneys' fees and costs to plaintiffs:

> (2) In any action under this title by a fiduciary on behalf of a plan to enforce § 515 in which a judgment in favor of the plan is awarded, the court shall award the plan-...
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant,

Having read Plaintiffs' Motion, Brief and Affidavit in Support of Motion, this Court finds the number of hours worked 121.40, the attorneys' rate of $151.00 per hour, and the costs of $346.00 to be reasonable. As a result,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs is **GRANTED**. Defendant is ordered to pay Plaintiffs $18,682 as well as any post-judgment interest as provided by 28 U.S.C. § 1961.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 4, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 4, 2007, by electronic and/or ordinary mail.

S/Theresa E. Taylor
Case Manager